# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVEY JONES,

    Plaintiff,

v.                                                                        CIV No. 04-1077 WJ/LFG

CHAVES COUNTY DETENTION
CENTER JAIL ADMINISTRATOR, et al.,

    Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

### Introduction

    This is a *pro se, informa pauperis* civil rights action brought under 42 U.S.C. § 1983 by Plaintiff Davey Jones ("Jones"). Jones was formerly incarcerated at Chaves County Adult Detention Center ("Chaves County") from June 16, 2000 to April 17, 2001, and currently incarcerated at a facility in Los Lunas, New Mexico. His Civil Rights Complaint [Doc. No. 1], filed September 22, 2004, asserts that his Fifth, Seventh, Eighth and Fourteenth Amendment rights were violated. It is difficult to decipher which separate claims Jones intends to assert, other than the Eighth Amendment claim. Jones alleges that he was subjected to excessive force and deliberate indifference in violation

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

of his Eighth Amendment rights during his incarceration at Chaves County. More specifically, Jones asserts that he is diabetic and was mistreated on the day of his arrest and thereafter neglected by Defendants while he was incarcerated, to the extent that part of his foot had to be amputated. [Doc. No. 1.] He seeks compensatory damages in the amount of $500,000 "per count" for physical pain, mental anguish, "embarrassment, humiliation, or mortification," fright and shock, and "mental and emotional" [sic]. Jones also asks that he be immediately released from the Department of Corrections because of the alleged deliberate indifference by Chaves County. [Doc. No. 1.]

## Procedural Background

Jones brings his claims against the Chaves County Detention Center Jail Administrator ("Chaves County Administrator") "& Staff Names Unknown, Chaves County Detention Center Medical Director ("Chaves County Medical Director") & Staff Names Unknown, Company of Medical Health Care Provider Unknown, Roswell City Police and Detective Names Unknown." On October 15, 2004, the Court issued a Minute Order requiring that summonses be issued to Defendants Chaves County Administrator and Chaves County Medical Director.[2] [Doc. No. 5.] Counsel entered an appearance for Defendant Chaves County Administrator and filed an Answer on his behalf as well as a Motion for Summary Judgment.

Chaves County Administrator's Motion for Summary Judgment argued that Jones' lawsuit should be dismissed on statute of limitations grounds. Jones asserted in response that the time limitation should be tolled for a year.

---

[2] Jones filed a Declaration for Entry of Default [Doc. No. 25] arguing that Defendants had not answered his complaint. On February 16, 2005, the Court denied Jones' request for default because Chaves County Administrator had filed an answer and the record indicated that no other Defendants had been served with process or had waived service. [Doc. No. 28.]

In reviewing Jones' complaint, the Court observed that Jones conceded he had not exhausted administrative remedies before filing his § 1983 lawsuit. For example, he checked the box "no" in response to the question of whether he previously sought informal or formal relief from the appropriate administrative officials regarding his allegations. [Doc. No. 1.] He also wrote that he "couldn't fill out any grievances because they prevented me from doing so by ignoring my requests. I therefore could not exhaust any administrative remedies for over 8 months." [Doc. No. 1.]

In his motion for summary judgment, Chaves County Administrator made no mention of the exhaustion requirement or Jones' concession that he had not exhausted administrative remedies. Thus, on January 20, 2005, the Court entered an Order directing submission of a Martinez report [Doc. No. 21] on the limited issue of whether administrative remedies were available to Jones during his incarceration at Chaves County, and requesting documentation of grievances filed by Jones regarding the allegations, decisions made regarding Jones' grievances and information, if any, tending to show Jones was unable to utilize the grievance procedures during the pertinent time frame.

In its Order directing submission of the Martinez report, the Court explained that the Martinez report could be used for summary judgment purposes and that Jones would have an opportunity to respond to the report and to provide conflicting evidence, should any exist. The parties were further advised that the Martinez report could be used in deciding whether to grant summary judgment on Jones' claims and that all parties should submit whatever evidence might be relevant.

On February 28, 2005, Chaves County Administrator submitted its Martinez report. [Doc. No. 30.] On March 16, 2005, Jones filed a response. [Doc. No. 31.] Therefore, this matter is ready for resolution. In reaching its recommended disposition, the Court considered all of the pleadings

and attachments, including Jones' complaint and other pleadings, Defendant's Martinez report along with all the exhibits, and Jones' response.

### Summary Judgment Standard

The Court may grant summary judgment, under Rule 56(c) of the Federal Rules of Civil Procedure, if the pleadings, depositions, answers to interrogatories and admissions or affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The opposing party must be given notice and an opportunity to respond, as provided in Rule 56. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

Defendant Chaves County Administrator, having filed a Martinez report, is in the same position as a movant for summary judgment and therefore, carry the burden of establishing that there is no genuine issue of material fact for trial. Defendant may satisfy that burden by showing an absence of evidence to support Jones' claims. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). Once the movants meet their burden, the burden shifts to the plaintiff to demonstrate a genuine issue for trial on a material matter. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The party opposing the motion may not rest on pleadings, mere argument, or contention but must set forth specific facts through admissible evidence, showing there is a genuine issue for trial as to those dispositive matters for which he carries the burden of proof. If he cannot make such a showing, summary judgment is appropriate. Celotex, 477 U.S. at 324.

### Analysis

I. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In accordance with 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [§ 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other

4

correctional facility until such administrative remedies as are available are exhausted." The purpose of the exhaustion requirement is to reduce the quantity and improve the quality of prisoner complaints. Ross v. County of Bernalillo, 365 F.3d 1181,1184 (10th Cir. 2004) (internal citation omitted). Exhaustion of administrative remedies also provides prison official an opportunity to satisfy an inmate's complaint, filter out some frivolous complaints and create an administrative record that facilitates review of cases that are eventually filed in court. Id. (internal citation omitted).

"[A] complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied*, 125 S.Ct. 344 (2004). In other words, the petitioner bears the burden of affirmatively showing exhaustion. Id. Moreover, if a petitioner fails to demonstrate that he exhausted his administrative remedies before filing a § 1983 action regarding prison conditions, dismissal of the claims is mandatory. 42 U.S.C. 1997e(a); Booth v. Churner, 532 U.S. 731, 736-37 (2001); Steele, 355 F.3d at 1211; Ross, 365 F.3d at 1184. "[A] prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele, 355 F.3d at 1211.

Here, Plaintiff's claims pertain solely to the period of incarceration at Chaves County, from June 16, 2000 to April 2001. Chaves County provides an internal grievance procedure that was in effect during this time frame. [Doc. No. 30, Ex. 5.] The Chaves County grievance procedure requires detention personnel to give an inmate a copy of the grievance form if the inmate wishes to file a complaint. A completed grievance form is delivered to the operations Lieutenant who conducts an investigation. The Lieutenant submits a written report of findings and recommendations, if any, within 3 days after receipt of the grievance. If the inmate is dissatisfied with the result, he may submit

the grievance to the Assistant Administrator or Administrator, whose decision will be final. However, if the inmate still is not satisfied, he may submit the grievance to any outside state agency for external review. [Doc. No. 30, Ex. 5.]

Jones not only failed to supply documentation of administrative grievance he filed, he asserted he did not file any grievances while at Chaves County. However, Chaves County submitted as part of its Martinez report one grievance filed by Jones during the pertinent time frame. The grievance was signed on November 17, 2000 and complains about one nurse. Jones stated the following:

> She all ways come late at night (1 am last night) to give medication that should be passed out before 10 pm and most morning she is here late morning we wait on breakfast. None of the other nurses is late at night or in the morning. She is all so hateful to inmates. She throws insulin needle under door and does not give alcohol pads to give insulin.

[Doc. No. 30, Ex. 6.] Jones asked that she be replaced.

Chaves County responded on November 22, 2000, explaining that sometimes there were other emergencies or bookings that interfered with the nurse giving out medications at specific times. The administrator further stated that this problem was something they would be monitoring. There is no evidence that Jones took this grievance any further or that he filed subsequent grievances about this problem or any problem at Chaves County. Indeed, the Chaves County Administrator supplied an affidavit stating this was the only grievance filed by Jones while incarcerated there.[3] [Doc. No. 30, Aff. of Esther Apodaca.]

---

[3]In his response to the Martinez report, Jones noted that he had filed the grievance attached as Exhibit 6 to Defendant's Martinez report. However, he stated that Chaves County never responded to his grievance. Contrary to Jones' allegation, the bottom of the grievance form documents Chaves County's response as described above.

Jones argues in his response to the Martinez report that no matter how many times he asked for other grievances, no one brought him the forms. He further asserted that the detention officers ignored him. [Doc. No. 31.] However, he supplies no evidence as to how often he requested but was denied grievance forms, who specifically denied him access to the forms, how he was able to submit one grievance and yet no others and/or any other attempts he made to submit a grievance even if it consisted of setting out the grievance on a plain piece of paper.

Thus, the Court determines that Jones did not exhaust his administrative remedies with respect to his Eighth Amendment claims and that he failed to carry his burden in affirmatively demonstrating exhaustion. While Jones did file one grievance directed at a specific nurse's alleged failure to provide timely and courteous medical attention, Jones did not appeal Chaves County's response or take the complaint any further. Indeed, he apparently forgot he filed the grievance and did not recognize that Chaves County responded to the grievance. Moreover, the allegations against the nurse do not complain of excessive force, which appears to be the substance of Jones' Eighth Amendment claim.[4]

Even if this grievance were viewed as an Eighth Amendment claim that Chaves County was deliberately indifferent to Jones' serious medical needs, Jones failed to pursue the grievance or appeal it. Moreover, the contents of the grievance do not amount to violations of constitutional magnitude, i.e., that the nurse was deliberately indifferent to Jones' serious medical needs when she was late in providing him insulin or discourteous to him on some occasions. In addition, this particular nurse was

---

[4]Jones' Complaint primarily complains of alleged use of excessive force by Chaves County, although the allegations are far from clear as to what force Jones believed was "excessive." He seems to assert that excessive force was used with respect to the "unnecessary and wanton infliction of pain" he suffered from the surgery on his foot.

the only one about whom Jones complained. In his grievance, he implies that other nurses supplied the appropriate medical attention in a timely manner.

Even if Jones' Eighth Amendment claim of deliberate indifference were considered to have been exhausted, the documentation attached to Chaves County's Martinez report confirms that Jones was not in any way ignored or treated with deliberate indifference while incarcerated at Chaves County. The medical records are voluminous as to the care given to Jones. *See e.g.,* Doc. No. 30, Ex. B1 (37-page *summary* of Jones' medical records and care given to Jones while at Chaves County).

The Administrator's affidavit further details Jones' treatment while at Chaves County. Because of the nature of charges pending against Jones (e.g., criminal sexual penetration of a minor), he was classified to be placed in administrative segregation because of the risk of harm from others if placed in the general population. Because of Jones' diabetic condition, it was recommended that he be placed in the Chaves County's medical unit. Jones remained housed in that unit during his incarceration at Chaves County, with the exception of when he traveled to off-site medical facilities or to the Court. [Doc. No. 30, Apodaca Aff.] According to Chaves County, even though Jones was placed in the medical unit, he still had access to all grievance procedures.

In addition, the documentation shows that Jones frequently sought and was provided medical care. According to Defendant, the most significant problems for Jones stemmed from Jones' personal mismanagement of his diabetes. For example, he staged a hunger strike, refused insulin injections and ate food that was not approved for his special dietary needs. [Doc. No. 30, attached medical records.]

In Jones' response, he argues that the mismanagement of his diabetes was the fault of the facility. He essentially disagrees with certain aspects of his care, including the diet he was on while incarcerated and the amount of insulin he received at times. However, a prisoner's disagreement with medical care that is being administered to him is insufficient to make out a claim of deliberate indifference to an individual's serious medical needs. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). *See also* Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980) (concluding that a prisoner's disagreement with medical personnel about the care administered is insufficient to make out a claim of deliberate indifference to serious medical needs), *cert. denied,* 450 U.S. 1041 (1981).

The Court concludes, therefore, that administrative remedies were available to Jones during his period of incarceration at Chaves County and that he failed to exhaust those remedies with respect to any and all Eighth Amendment claims he intended to assert. Accordingly, the claims are barred by the Prison Litigation Reform Act of 1995. *See* Ross, 365 F.3d at 1188 (dismissing Eighth Amendment medical treatment claims for failure to exhaust). In addition, even if the Court considered the claims to have been exhausted, the Court would recommend that the claims be denied on the merits. To the extent that Jones intended to assert separate claims for violations of his Fifth, Seventh and Fourteenth Amendment rights, the Court concludes that Jones failed to demonstrate that he exhausted his administrative remedies as to those claims. Therefore, the Court recommends that all of Jones' claims be dismissed, with prejudice, for failure to exhaust.

## II.   STATUTE OF LIMITATIONS

As an alternative basis for dismissing Jones' Complaint, the Court concludes that Jones did not file his federal lawsuit within the applicable limitations period. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims. . . ."

9

Smith v. Gonzales, 222 F.3d 1220, 1222 (10th Cir. 2000) (internal citation omitted).  The applicable New Mexico statute, NMSA § 37-1-8, sets a three year limitations period for personal injury claims. *See* Roberts v. Barreras, 109 Fed. Appx. 224, 225, 2004 WL 1814164 at *1 (10th Cir. Aug. 16, 2004) (discussing three-year limitations period in terms of Eighth amendment claims), *cert. denied*, 125 S.Ct. 975 (2005).

In September 2000, Jones began complaining of foot pain or ulcerations on his toes.  On December 27, 2000, Jones' abscess on his foot was treated by surgical intervention.  His feet problems were monitored and treated on a regular basis through mid-April 2001 when he was transferred out of Chaves County to another facility.  The only grievance he filed was dated November 2000, but as discussed previously, that grievance complained of one nurse's late dispensation of medicines and her alleged discourteous manner.

Jones filed his federal lawsuit on September 22, 2004.  In order to have filed a timely lawsuit regarding treatment and injuries he received at Chaves County, Jones' complaint had to have been filed by no later than April 17, 2004, three years after he was transferred out of Chaves County. Commencing the three years from April 17, 2001 gives Jones the benefit of the doubt because the medical records clearly support Jones' knowledge about his problems and complaints as early as September or October 2000, if not earlier.  The many medical records show that Jones was periodically in good and poor spirits, that he was non-compliant about his diet and medications, that he was abusive and sarcastic to staff, that he was sabotaging his own medical care when his foot appeared to be healing, and that he was complaining regularly about both the legal and medical systems.

At a minimum, Jones knew of his injuries by April 17, 2001.  Thus, the statute of limitations for filing a complaint alleging personal injuries related to purported Eighth Amendment violations expired in mid-April 2004.  It follows that Jones' September 2004 lawsuit was filed five months too late, and that the lawsuit should be dismissed for untimeliness.

Jones argues in his response to Defendant's motion for summary judgment that the three-year statute of limitation should be tolled; however, he provides no legal basis for tolling under these circumstances.  He merely explains that he was transferred from Chaves County to Los Lunas on April 17, 2001, that he was transferred from Los Lunas to a facility in Las Cruces on July 5, 2001 and then transferred to a facility in Los Lunas again on April 1, 2002.  He generally argues that his medical condition and lack of access to legal materials (in one of the facilities) prevented him from filing a timely lawsuit.  Jones then summarily asserts that the time limit should be tolled from April 17, 2001 until April 1, 2002 so as to "allow Plaintiff adequate amount of time to file complaint, NMSA 1978 § 37-1-8."  This is not a basis for tolling.  Even if Jones had argued that his grievance, filed in November 2000, should serve to toll his limitations period, this would not assist him under the facts of this case.

Therefore, the Court recommends dismissal of Jones' lawsuit on the alternative grounds that it is untimely under the applicable three-year statute of limitations.

### Recommended Disposition

That summary judgment in favor of Defendants be granted [Doc. No. 10] and that Jones' lawsuit [Doc. No. 1] be dismissed, with prejudice, on the ground that Jones failed to exhaust his

administrative remedies before filing his lawsuit, and on the alternative ground that Jones' lawsuit is barred by the applicable statute of limitations.

*[signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge